SULLIVAN, Justice,
concurring in result.
Jensen contends that he has been subjected to punishment on an ex post facto basis as a consequence of amendments to the Indiana Sex Offender Registration Act in 2006 that had the effect of converting his 10-year registration requirement into a lifetime registration requirement.[1] I do not believe Jensen's claim that these 2006 amendments imposed additional punishment on him is ripe for adjudication. For this reason, I concur only in the result of the Court's opinion.
Under the law in effect at the time of his conviction, Jensen is required to register under the Act for a period of 10 years following his release from incarceration. Only when the 10 year period has run-several years from now-will Jensen be subject to a registration requirement that might arguably be ex post facto. But, of course, the Legislature might very well change this statute prior to that date so that Jensen would not be subject to any additional registration requirement at all. Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th Cir.Ala.1999) (Kirby's challenge to Alabama's Community Notification Statute held not ripe for adjudication because it was "a matter of speculation" as to whether the Act would remain in effect and unamended until Kirby's release from prison in 2005).
Jensen's claim is not ripe for another, separate reason. Under the Act, Jensen is entitled to petition the court for a determination that he should no longer be considered a sexually violent predator. IC. 35-38-1-7.5(g) (Supp.2007). He will be entitled to apply for this determination 10 years after the date of his release from incarceration. If he receives a favorable determination, he will not be subject to the registration or other requirements of the Act. Id. This means that even under the 2006 amendments, he might only be subject to the registration requirements of the Act for 10 years, the same period of time with respect to which he was initially subject to registration under the terms of the Act then in effect. The question presented in this case would be ripe for consideration by us only if a trial court to which such a petition is submitted determined that Jensen continues to be a sexually violent predator as defined in the Act. Artway v. Att'y Gen. of State of N.J., 81 F.3d 1235, 1242, 1248 (3d Cir1996) (Art-way's challenges to Megan's Law's notification provisions held not ripe for adjudication because "[slex offenders are subject to notification only if the prosecutor finds a significant risk of recidivism-a determination that, with respect to Artway, has not yet been made and cannot be easily forecasted.") (Becker, J.). Given Jensen's apparently blemish-free record of serving his term of imprisonment and probation and of complying in all respects with the Act, it "cannot be easily forecast-ed" that Jensen will be held subject to the Act after the end of the 10-year period.

. Under the seven-factor test the Court adopts today in Wallace v. State, 905 N.E.2d 371 (Ind.2009), I think it is beyond question that the lesser new obligations imposed by the 2006 amendments are not themselves punishment.